### CHELSIAS GREENFIELD v. WILLIAM NOTTS.

Supreme Court. Kent. October, 1814.

*Clayton's Notebook, 33.*

JOHNS, C. J. On reversing judgment in these cases it is not a matter of course to reinstate the tenant in the possession of the premises, and so it was adjudged in the case of *Wilds v. Hayes.*

[NOTE.] But see 1 Str. 474, *Rex. v. Jones,* where a conviction for forcible entry is quashed, the court must award restitution. Note this is by express statutory provision (see 4 Bl.Comm., forcible entry and detainer), and therefore not to the point.

PER CURIAM. Nearly all the causes of error assigned seem to be mere defects in form, except that in which plaintiff says the summons to him below was issued returnable before the same could by law be returnable, and as to that it appears it was returned within four days. Now the Act allows it to be returnable at any time within four days.

The proceedings before the Justices in this case, then, are substantially right. It is evident to the court that this record might have been so drawn as to defy cavil, and that the real facts in the case would have warranted it.

We ought not to be too nice and strict in looking into and overhauling the proceedings of courts of inferior and summary jurisdiction. If we can see that the proceedings in such courts are themselves right and legal, we ought not to reverse the judgments given by them merely because the history of those proceedings is defectively or informally drawn up.

The costs, however, do appear excessive. Therefore let the judgment be reversed as to costs, and affirmed as to the rest, and let the clerk of this Court tax the bill of costs.